UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

A. JOSEPH RAETANO,

    Plaintiff,

v.                                  Case No.: 8:09-CV-1361-T-23EAJ

M. RUSSELL, LLC,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Before the court is Plaintiff's **Verified Application for Attorneys' and Expert's Fees, Litigation Expenses and Costs** (Dkt. 26) and Defendant's **Response to Motion for Attorney's Fees and Show Cause Order** (Dkt. 29).[1] Plaintiff seeks $5,700.00 in attorney's fees for work performed by Todd Shulby, Esq., $370.00 in filing and process server fees, and $2,312.50 in expert's fees for work performed by Plaintiff's expert, Thomas Ricci. Defendant asks the court to reduce Plaintiff's attorney's fees to $4,380.00.[2]

Plaintiff filed his complaint under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181, et seq., seeking injunctive relief, attorney's and expert's fees, and costs. The parties reached a settlement under which Defendant agreed to pay Plaintiff "for the reasonable fees, expenses and costs incurred by Plaintiff, Plaintiff's counsel, and Plaintiff's expert witness" (Dkt. 24 Ex. 1 at ¶ 10).

---

[1] The District Judge referred this motion to the undersigned (Dkt. 27). The undersigned issues this report and recommendation pursuant to Fed. R. Civ. P. 54(d)(2)(D) and 72(b).

[2] Defendant claims he did not timely respond to Plaintiff's motion due to a calendaring error by his counsel. The court considers Defendant's response in issuing this Report and Recommendation.

Fees are awarded to the "prevailing party" under the ADA at the court's discretion:

> In any action or administrative proceeding commenced pursuant to this chapter, the court or agency, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs ...

42 U.S.C. § 12205.

In evaluating Plaintiff's request for attorneys' fees, the court employs a three-step process. Gray v. Fla. First Fin. Group, 359 F. Supp. 2d 1316, 1318 (M.D. Fla. 2005). First, the court must determine whether Plaintiff is the prevailing party. Id. Second, the court must calculate the lodestar, which is the number of reasonable hours spent working on the case multiplied by a reasonable hourly rate. See Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994) (per curiam). Third, the court must determine whether an adjustment to the lodestar is necessary based on the results obtained. See ACLU of Ga. v. Barnes, 168 F.3d 423, 427 (11th Cir. 1999). The fee applicant bears the burden of establishing entitlement and documenting appropriate hours and hourly rates. Webb v. Bd. of Educ. of Dyer County, 471 U.S. 234, 242 (1985); Barnes, 168 F.3d at 427.

In this case, it is undisputed that Plaintiff is the prevailing party under the terms of the settlement (see Dkt. 29 at 1). In addition, Defendant does not object to Plaintiff's attorney's hourly rate of $300.00 (Id., Ex. 1 at 2). This rate is reasonable based on hourly rates recently awarded to Mr. Shulby in this judicial district. See Raetano v. Bursynski, No. 8:08-CV-200-T-17EAJ, 2009 WL 691921, at *2 (M.D. Fla. Mar. 13, 2009) (awarding Mr. Shulby $300.00 per hour in ADA case); Raetano v. GGK, LLC, No. 8:07-CV-1543-T-30EAJ, 2008 WL 2025292, at *2 (M.D. Fla. May 9, 2008) (same).

In determining the reasonable number of hours Mr. Shulby spent prosecuting the case, the court excludes excessive, redundant, or otherwise unnecessary time entries. Norman v. Hous. Auth.

of Montgomery, 836 F.2d 1292, 1301 (11th Cir. 1988) (citation omitted). Either an hour-by-hour analysis of the requested hours or an across-the-board reduction can be used if necessary to reduce the number of hours to those deemed reasonable. Bivins v. Wrap It Up, Inc., 548 F.3d 1348, 1351-52 (11th Cir. 2008) (per curiam).

Plaintiff should be compensated for 19.0 hours of attorney work. Mr. Shulby's time records reveal that he spent a reasonable amount of time on each task and did not bill for tasks that were excessive, redundant, or unnecessary (Dkt. 26 Ex. 1).[3] Defendant argues that the court should reduce Mr. Shulby's hours to 14.6 and offers the affidavit of Luke Charles Lirot, a practicing attorney licensed in Florida for 23 years (Dkt. 29, Ex. 1). Without citing to any particular time entries, Mr. Lirot concludes that 14.6 hours is a reasonable number of attorney hours. Defendant's objection is not supported, and Plaintiff's request for $5,700.00 in fees ($300.00 per hour multiplied by 19.0 hours) should be granted. There is no basis to adjust this lodestar amount for results obtained.

Plaintiff also requests $2,312.50 in expert's fees for 12.5 hours of work at the hourly rate of $185.00 (Dkt. 26 Ex. 2). Although the ADA is silent on whether expert's fees should be awarded to a prevailing party, see 42 U.S.C. § 12205, courts award expert's fees in ADA cases if the amount is reasonable. See Martinez v. Public Storage, No. 09-21488-CIV, 2010 WL 2219712, at *9 (S.D. Fla. Apr. 27, 2010).

In this case, Defendant agreed to pay Plaintiff's expert's fees as a condition of the settlement (Dkt. 24 Ex. 1 at ¶ 10). In support of the amount of the expert's fees, Plaintiff attaches Mr. Ricci's

---

[3] Mr. Shulby spent 0.6 hours researching and drafting Plaintiff's motion for attorney's fees and costs (Dkt. 26 Ex. 1). Time expended litigating attorney's fees is compensable. See Martin v. Univ. of S. Ala., 911 F.2d 604, 611 (11th Cir. 1990).

invoice of work performed (Dkt. 26 Ex. 2), cites to other cases in which Mr. Ricci was awarded $185.00 per hour (Id. at 10), lists similarly qualified experts who charge higher hourly rates (Id. at 10-11), and attaches Mr. Ricci's affidavit attesting to the reasonableness of his fee (Id. at Ex. 6). Defendant's response, on the other hand, does not address Mr. Ricci's fees; Defendant is therefore deemed to have no objection to them. See Local Rule 3.01(b). Further, Mr. Ricci's fees are in accordance with his previous awards in ADA cases. See Bursynski, 2009 WL 691921 at *2-3. Plaintiff should be awarded his expert's fees of $2,312.50.

Finally, Plaintiff requests reimbursement of $370.00 in filing and service of process fees. These costs are recoverable under Fed. R. Civ. P. 54(d)(1), 28 U.S.C. § 1920(1), and case law. See E.E.O.C. v. W & O, Inc., 213 F.3d 600, 624 (11th Cir. 2000) (holding that private process server fees may be taxed pursuant to §§ 1920 and 1921).

Accordingly, it is **RECOMMENDED** that:

(1)  Plaintiff's **Verified Application for Attorneys' and Expert's Fees, Litigation Expenses and Costs** (Dkt. 26) be **GRANTED** and Plaintiff be awarded $5,700.00 in attorney's fees, $370.00 in litigation costs and expenses, and $2,312.50 in expert's fees for a total of $8,382.50.

Dated: July 29 , 2010.

ELIZABETH A JENKINS
United States Magistrate Judge

## **NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. § 636(b)(1).

Copies to:
Counsel of Record
District Judge